IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 03-cr-40024-JPG |
| KARLISS LYTTLE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Karliss Lyttle's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 379). Counsel was appointed and has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 398). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion (Doc. 401). The defendant has not responded, although he was given an opportunity to do so.

Lyttle was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (Count 1) and two counts of distribution of cocaine base (Counts 12 and 13). At sentencing, the Court found by a preponderance of the evidence that Lyttle's relevant conduct was approximately 332.46 grams of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 34. This level was increased by two points because Lyttle possessed a dangerous weapon during the commission of the offense, *see* U.S.S.G. § 2D1.1(b)(1), which yielded a total offense

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2002 United States Sentencing Guidelines Manual.

level of 36.   Considering Lyttle's criminal history category of 1, this resulted in a guideline range of 188 to 235 months in prison.   However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Lyttle's statutory minimum sentence for Count 1 was 20 years.   *See* 21 U.S.C. § 841(b)(1)(A).   Consequently, pursuant to U.S.S.G. § 5G1.1(b), his effective guideline sentencing range for Count 1 became 240 months.   The Court sentenced Lyttle to serve 240 months on each count to run concurrently.

Lyttle asks the Court to apply changes to U.S.S.G. § 2D1.1 to lower his sentence.   His motion seeks a reduction following Amendment 750, which amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.   The relevant parts of Amendment 750 are retroactive.   *See* U.S.S.G. § 1B1.10(c) (2011).   Additionally, counsel evaluated the possibility that Lyttle would be eligible for a reduction following Amendment 782, which amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive.   *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with

2

applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). It is true that Amendments 750 and 782 amended U.S.S.G. § 2D1.1(c) to lower the defendant's base offense level to 30, thus his total offense level to 32, where his sentencing range would have been 121 to 151 months had he not been subject to a mandatory minimum sentence. However, neither Amendment 750 nor Amendment 782 changed the fact that the defendant was subject to a mandatory minimum sentence of 240 months, which would establish his guideline range as 240 months under U.S.S.G. § 5G1.1(b). Since a range of 240 months is not lower than the range actually used at sentencing, the defendant's sentencing range has not been lowered.

Had the Government moved for a reduction below the mandatory minimum sentence based on the defendant's substantial assistance, the Court would have been able to disregard the mandatory minimum sentence when determining the amended guideline range, and the defendant would have been eligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(c). However, the Government made no such motion in this case. Accordingly, the Court finds the defendant's guideline range has not been lowered by Amendment 750 or Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the defendant's *pro se* motion (Doc. 379),

**GRANTS** counsel's motion to withdraw as attorney (Doc. 398) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this matter.   The Court **DIRECTS** the Clerk of Court to send a copy of this order to Karliss Lyttle, Reg. No. 05838-025, USP-Marion, U.S. Penitentiary, P.O. Box 1000, Marion, IL   62959.

**IT IS SO ORDERED.**
**DATED:   August 29, 2016.**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**